

# The Attorney General of Texas

October 11, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable W. K. Harvey, Jr.
Commissioner
Texas Rehabilitation Commission
118 East Riverside Drive
Austin, Texas 78704

Opinion No. H-1255

Re: Authority of the Comptroller of
Public Accounts to implement a new
system of issuing warrants in payment
of vouchers.

Dear Mr. Harvey:

You have asked our opinion on three questions relating to a new system
which was recently implemented by the Comptroller for the payment of
vouchers submitted to him by state agencies. Specifically you ask:

> Does the Comptroller have authority to refuse to pay a
> claimant because the claim does not include a
> "Comptroller's Sales Tax Permit Number" or a
> "Comptroller's Vendor Number"?

The procedure requires state agencies to submit a unique numerical
identifier for each payee. This vendor identification number is based on the
tax identification number used by that payee. It includes a social security
number for individuals and a federal employer identification number for
corporations and partnerships.

The Comptroller informs us the system is designed to (1) assist in the
enforcement of article 4350, V.T.C.S., which prohibits the issuance of
warrants to persons indebted to the state, (2) permit more efficient and
expeditious preparation of state warrants and (3) provide a data base to
facilitate the assembly of financial and accounting information. A major
category of persons indebted to the state includes individuals and corpor-
ations who are delinquent in paying sales taxes due the state.

The Comptroller has several relevant sources of statutory authority.
Article 4344, V.T.C.S., provides in part:

> Among other duties the Comptroller shall:
>
> . . . .

3.  Superintend the fiscal concerns of the State, as the sole accounting officer thereof, and manage the same in the manner required by law.

4.  Require all accounts presented to him for settlement not otherwise provided for by law to be made on forms prescribed by him, all such accounts to be verified by affidavit as to their correctness, and he may administer the oath himself in any case in which he may deem it necessary.

. . . .

10.  Examine and settle the accounts of all persons indebted to the State and certify the amount or balance to the Treasurer, and direct and superintend the collection of all moneys due the State.

11.  Audit the claims of all persons against the State in cases where provision for the payment thereof has been made by law, unless the audit of any such claim is otherwise specially provided for.

Article 4355, V.T.C.S., provides in part:

All claims and accounts against the State shall be submitted on forms prescribed by the Comptroller.

Article 4344b, V.T.C.S., provides in part:

(2)  The Comptroller of Public Accounts is authorized to establish and operate a central electronic computing and data processing center to be used to maintain the central accounting records of the state, to prepare payrolls and other warrants, to audit tax reports, and to perform such other accounting and data processing activities as may be economically and practically adapted to the use of this equipment.  In order to provide for the orderly and economical use of this equipment the Comptroller is further authorized to prescribe and revise claim forms, registers, warrants, and other documents submitted in support of payroll or other claims or to support tax or any other payments to the state.

See Attorney General Opinion H-245 (1974).

We believe these statutes provide the Comptroller with adequate authority to require state agencies to include a vendor identification number on vouchers submitted to him for payment.

You also ask:

> Is this new system requiring the use of social security numbers as a universal identifier in violation of Section 7 of the Privacy Act of 1974 (P.L. 93-579)?

Section 7 of the Privacy Act (codified at 5 U.S.C. § 552a note) provides in part:

> (a)(1) It shall be unlawful for any Federal, State or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number.

While section 7 arguably might prohibit the use of the social security number, it must be read in conjunction with section 1211 of the Tax Reform Act of 1976 (codified at 42 U.S.C. § 405(c)(2)(C)) which provides:

> (i) It is the policy of the United States that any State (or political subdivision thereof) may, in the administration of any tax, general public assistance, driver's license, or motor vehicle registration law within its jurisdiction, utilize the social security account numbers issued by the Secretary for the purpose of establishing the identification of individuals affected by such law, and may require any individual who is or appears to be so affected to furnish to such State (or political subdivision thereof) or any agency thereof having administrative responsibility for the law involved, the social security account number (or numbers, if he has more than one such number) issued to him by the Secretary.
>
> (ii) If and to the extent that any provision of Federal law heretofore enacted is inconsistent with the policy set forth in clause (i) of this subparagraph, such provision shall, on and after ... [the date of the enactment of this subparagraph,] be null, void, and of no effect.

Since the vendor identification number system is largely designed as a program of collection of delinquent taxes we believe it is covered by the exemption provided by section 1211. See Mayer, _Privacy and the Social Security Number: Section 1211 of the Tax Reform Act of 1976_, 6 Rutgers Journal of Computers and the Law 221, 239-241 (1978); Privacy Protection Study Commission, Personal Privacy in an Information Society 613 (1977); H.R. Rep. No. 658, 94th Cong., 2nd Sess., _reprinted in_ [1976] U.S. Code Cong. & Ad. News 2897, 3821.

Your final question is

> Does the Comptroller of Public Accounts have the authority to make a warrant payable to any other name or at any other address than the one shown on the face of the claim signed by the claimant and approved by the agency?

The Comptroller's duty is to insure that any warrant is issued to the correct person. Information you have furnished us suggests that the vendor identification number system is contrary to this aim, while information submitted by the Comptroller suggests the system promotes the aim. In either event, we believe the question raises administrative rather than legal issues and is accordingly inappropriate for consideration in the opinion process. We note, however, that the Comptroller's brief indicates that he stands ready to issue a warrant to the name and address desired by the vendor when there is a dispute concerning the proper name.

## SUMMARY

> The Comptroller is authorized to require vouchers submitted to him by state agencies to include a vendor identification number. The Tax Reform Act of 1976 specifically permits the use of social security numbers in this type of vendor identification system.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn